**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| CHARLESTON CLUMPING BAMBOO LLC and KEITH A. BUSTLE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:25-cv-12648-DCN |
| vs. | ) ) | **ORDER** |
| CHARLESTON COUNTY GOVERNMENT, | ) ) | |
| Defendant. | ) ) ) | |

The following matter is before the court on defendant Charleston County Government's (the "County") motion to dismiss for failure to state a claim, ECF No. 4, and plaintiffs Charleston Clumping Bamboo LLC ("CCB") and Keith A. Bustle's ("Bustle") (together with CCB, "plaintiffs") motion seeking leave to amend the complaint, ECF No. 7, and motion for certification to the South Carolina Supreme Court or, in the alternative, remand to state court or stay the proceedings, ECF No. 8. For the reasons set forth below, the court abstains from the matter pursuant to the Younger abstention doctrine and dismisses the matter without prejudice.

## I.  BACKGROUND

This action arises from a dispute concerning local zoning ordinances. ECF No. 1-1, Compl. CCB is a limited liability company on Johns Island, South Carolina that grows and wholesales ornamental grass. Id. ¶¶ 2–3, 9. CCB operates on property that is designated as Registered Farm 1250, Tract 1636 by the United States Department of Agriculture. Id. ¶ 7. Bustle owns and operates CCB, and he is a resident of the County. Id. ¶¶ 1, 3. The County is a political subdivision of the State of South Carolina. Id. ¶ 4.

1

Prior to digging an irrigation pond on the property on which CCB is operated, Bustle obtained a written exemption to the South Carolina Mining Act, S.C. Code Ann. §§ 48-20-10 et seq. from the South Carolina Department of Health and Environmental Control.[1]  Id. ¶ 8.  Sometime after the irrigation pond was complete, the County issued Bustle a citation for "resource extraction without a mining permit."  Id. ¶ 11.  The County and Bustle agreed to a dismissal of the resource extraction citation if the irrigation pond was relocated to a different portion of the property.  Id. ¶¶ 13–14.  The County also requested that Bustle submit an "after the fact" application for a "clearing and grubbing permit".  Id. ¶ 15.  Bustle submitted the "clearing and grubbing" permit application despite protesting that he should not be required to do so.  Id. ¶ 16.

Bustle received a letter from the County six months later, stating that his permit application was incomplete and that additional data, surveys, and reports of the property were required to process the permit.  Id. ¶¶ 17–18.  Bustle, again, protested that the information and requirements for obtaining the "clearing and grubbing" permit were not articulated in any County ordinance or South Carolina statute.  Id. ¶¶ 19–21.

In May 2023, Bustle attempted to submit a paper application for a business license, in his personal capacity only, to sell the CCB's ornamental grasses.  Id. ¶ 22.  The County refused to accept Bustle's business license application.  Id.  Bustle attributed the County's actions to:

> [A] secret notation in the computer system that established a moratorium on Farmer Bustle (personally) and his property address (the property) from receiving a business license, a zoning permit of any kind, a tax classification

---

[1] In 2024, SC DHEC was divided into two separate agencies: the South Carolina Department of Public Health and the South Carolina Department of Environmental Services.  This order refers to the agencies as their prior, unified name in accordance with the allegations and filing date of the complaint.  See Compl.

change or any other Charleston County Government approval without Farmer Bustle submitting to a secret process, undefined by law.

Id. ¶ 23.  Bustle did not uncover that he was on the County's "secret moratorium list" until December 2024.  Id. ¶¶ 24–26.

The County served Bustle with two criminal zoning citations: (1) failure to obtain a "clearing and grubbing" permit  for the irrigation pond and (2) failure to obtain a business license for CCB.  Id. ¶ 27.  Issues concerning that "clearing and grubbing" permit citation were appealed.  Id. ¶ 28.  The business license citation was dropped as nolle prossed.  Id. ¶ 29.  Bustle alleges that the County's zoning and permitting practices violate his rights under South Carolina law and United States Constitution.  Id. ¶ 28. Further, he alleges that the County retaliated against him with criminal prosecution and threats to increase penalties for the permit violations in response to assertion of his rights. Id. ¶¶ 34–35.

Bustle originally filed this action on August 8, 2025 in the Charleston County Court of Common Pleas.  ECF No. 1-1, Compl.; Charleston Clumping Bamboo LLC v. Charleston County, No. 2025-CP-10-04457 (Charleston Ct. C.P. Aug. 8, 2025).  The complaint asserts claims against the County for: (1) a declaratory judgment that the County's zoning ordinances are preempted by S.C. Code Ann. §§ 46-45-10 et seq.; (2) a writ of mandamus for issuance of zoning permit; (3) a writ of mandamus for issuance of business license; (4) attorney's fees and costs pursuant to S.C. Code Ann. § 15-77-300 and "other law"; (5) a declaratory judgment that the County's "secret moratorium list" is unlawful; (6) regulatory taking; (7) 42 U.S.C. § 1983; (8) violation of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 et seq.; (9) vindictive prosecution/violation of the Sixth Amendment; and (10) injunctive relief as to all actions

by the County regarding permitting procedures and criminal citations.  Id. ¶¶ 38–105.

The County removed the action to this court on September 22, 2025 pursuant to 28

U.S.C. §§ 1332, 1441, and 1446.  ECF No. 1.

The County filed a motion to dismiss for failure to state a claim on September 29,

2025.  ECF No. 4.  Plaintiffs responded in opposition on October 23, 2025.  ECF No. 7.

On October 23, 2025, Plaintiffs filed a motion seeking leave to amend the

complaint, ECF No. 7, and a motion for certification to the South Carolina Supreme

Court or, in the alternative, remand to state court or stay the proceedings, ECF No. 8.

The County responded in opposition to both motions on December 9, 2025.  ECF No. 15.

As such, the motion is fully briefed and now ripe for the court's review.

### III.  DISCUSSION

Bustle's complaint explicitly states that "[t]he citation for not obtaining a clearing

and grubbing permit is on pre-trial appeal to the Circuit Court."[2]  Compl. ¶ 28; see also

ECF No. 4-1 at 5–8 (detailing the procedural background of the state court criminal

proceedings and Bustle's ongoing pre-trial appeal).  There is no dispute that plaintiffs'

claims against the County in this court and their defenses asserted in the South Carolina

state court criminal proceedings are identical: whether the County's zoning ordinances

---

[2] The South Carolina Constitution provides that the circuit court is a "general trial court with original jurisdiction in civil and criminal cases" and "shall have such appellate jurisdiction as provided by law."  S.C. Const. Art. V, § 11.  Below the circuit court is the county-level magistrate's court that has exclusive jurisdiction over criminal enforcement actions for permit violation citations.  See S.C. Code Ann. § 22-3-540.  "When a judgment is rendered by a magistrate's court . . . the appeal shall be to the circuit court of the county wherein the judgment was rendered[.]"  S.C. Code Ann. § 18-7-10; see Karl Sitte Plumbing Co. v. Darby Dev. Co. of Columbia, 367 S.E.2d 162, 165 (S.C. Ct. App. 1988) (analyzing the appellate jurisdiction of the circuit court under Article V, Section 11 of the South Carolina Constitution and Section 18-7-10 of the South Carolina Code).

and permitting regulations for which Bustle received a criminal citation are preempted by the South Carolina statutes at S.C. Code Ann. §§ 46-45-10 et seq. that regulate "agricultural facilities and agricultural operations." See Compl.; ECF Nos. 4, 7, 8.  As is evident from the parties' filings, the South Carolina state court criminal proceedings are currently ongoing. See ECF Nos. 4, 7, 8, 15.  Because the court must not subvert South Carolina courts' opportunity to address a question of first impression in South Carolina law and plaintiffs' constitutional challenges against the County have been presented in a state court criminal proceeding, the court must abstain under the Younger abstention doctrine. See Cinema Blue of Charlotte, Inc. v. Gilchrist, III, 887 F.2d 49, 53 (4th Cir. 1989); see also New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 369  (1989) (stating that a fundamental principle of the Younger abstention doctrine is that a "party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court.").

Younger abstention applies to three "exceptional" categories of cases: (1) "ongoing state criminal prosecutions," (2) "civil enforcement proceedings that are akin to a criminal prosecution in important respects (commonly referred to as 'quasi-criminal' proceedings)," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Air Evac EMS, Inc. v. McVey, 37 F.4th 89, 96 (4th Cir. 2022) (citing Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 78 (2013)).  After the court determines that the underlying proceeding fits into one of these categories, it should then determine: (1) whether the state proceeding is judicial in nature, (2) whether the proceeding implicates important

5

state interests, and (3) whether there exists an adequate opportunity in the state proceeding to raise constitutional challenges.  Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  If these elements are satisfied, a district court should abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  Id. at 435.

Both Younger abstention criteria are satisfied in this action, and no exception applies.  At step one, the County is currently seeking to enforce the zoning citation against Bustle in a "parallel, pending state criminal proceeding."  See Sprint, 571 U.S. at 72; see also Keith A. Bustle v. County Government of Charleston  No. 2025-CP-10-03580 (Charleston. Ct. C.P. June 23, 2025).

As to the Middlesex factors at step two, the state court criminal proceedings are conducted in an adversarial manner with discovery, witness testimony, presentation of evidence, and appeal; thus, they are sufficiently judicial in nature.  See Hawkins v. S.C. Comm'n on Law. Conduct, 586 F. Supp. 3d 493, 500 (D.S.C. 2022) ("In assessing the judicial nature of a proceeding, courts 'examine the nature and effect of the proceeding and not the form of it.'") (quoting  Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 817 (4th Cir. 2000)).  The issues presented in the state criminal proceedings—land use, zoning, and municipal permitting regulation—are important South Carolina interests, as they are each a "feature of local government and an area in which the tenets of federalism are particularly strong."  See Williams v. City of Columbia, 707 F. Supp. 207, 211 (D.S.C. 1989) (analyzing the "importance placed upon federal judicial deference to state and local regulation of land use and zoning matters" in a case concerning denial of a special exemption to a city zoning ordinance).  Finally, there is no rule of procedure,

statute, or provision within the County's zoning ordinances that prevent plaintiffs from raising their constitutional claims against the County in the South Carolina state court criminal proceedings or appealing to the South Carolina Supreme Court. See Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 251 (4th Cir. 1993) (stating that Younger abstention doctrine "recognizes that state courts are fully competent to decide issues of federal law" and "has as a corollary the idea that all state and federal claims should be presented to the state courts.") (citations omitted)).

Because this matter concerns an ongoing state criminal proceeding and all factors weigh in favor of abstention, it is an "exceptional" case in which Younger abstention is appropriate. See Sprint, 571 U.S. at 72; Middlesex, 457 U.S. at 432. As such, the court abstains from the matter pursuant to the Younger abstention doctrine and dismisses the matter without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court abstains from the matter pursuant to the Younger abstention doctrine and **DISMISSES** the matter without prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 5, 2026**
**Charleston, South Carolina**

7